# The State *v.* Leach.

*Indictment under the Statute securing Payment of Fines and Costs in Criminal Cases.*

1. *Statute not violative of constitutional inhibition against imprisonment for debt.*—The provision of the Constitution declaring, "That no person shall be imprisoned for debt," is not violated by the act of the General Assembly, approved February 23d, 1883, entitled "An act to better secure the payment of fines and costs in criminal cases in the courts of this State (Pamph. Acts, 1882–3, p. 166).

APPEAL from Chilton Circuit Court.

Tried before Hon. JAMES E. COBB.

The indictment in this case was preferred under the act of the General Assembly, entitled "An act to better secure the payment of fines and costs in criminal cases in the courts of this State (Pamph. Acts, 1882–3, p. 166). The defendant hav-

[Calloway v. The State.]

ing been convicted, moved in arrest of judgment, on the ground that said act was unconstitutional. The court sustained the motion, arrested the judgment, and discharged the defendant, and the State prosecutes this appeal.

H. C. Tompkins, Attorney-General, for the State.

J. M. Falkner, contra.

STONE, J.—On the authority of the case of *Lee v. The State*, at the present term [*ante*, p.29], the judgment of the circuit court arresting the verdict and judgment of a previous day, is reversed, annulled, and held for naught; and the judgment of conviction, rendered on the verdict of guilty, is re-instated and re-established. And the circuit court will execute the sentence of the law, pronounced on the conviction. Let this order be certified to the court below.

Reversed and remanded.